**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| TAWANNA MOODY,<br>*Individually and on behalf of all*<br>*others similarly situated,*<br><br>　　　　Plaintiff,<br><br>v.<br><br>CONSUMER　　　　PORTFOLIO<br>SERVICES, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Consumer Portfolio Services, Inc. ("CPS"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action, currently pending in the Circuit Court for the Ninth Judicial Circuit, Orange County, Florida. In removing this action, CPS does not waive and, indeed, expressly reserves its right to arbitration pursuant to the parties' agreement to arbitrate, to require Plaintiff to proceed in arbitration, and to compel arbitration if necessary.

## Procedural Background

1.　　On December 1, 2025, Plaintiff Tawanna Moody ("Plaintiff") filed a Complaint against CPS in the Ninth Judicial Circuit Court, Orange County, Florida, captioned as *Moody, Tawanna et al. vs. Consumer Portfolio Services, Inc.*, Case No.  2025-

CA-011757-O, asserting claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*[1]

2.      On or about June 22, 2026, CPS was served with a Summons and copy of the Complaint. A copy of the State Court Complaint is attached hereto as **Exhibit A.**

3.      Pursuant to 28 U.S.C. § 1446(a) and Middle District Local Rule 1.06(b), CPS attaches to this Notice of Removal a legible copy of the state court docket and of all process, pleadings, motions, and other papers or exhibits, presently on file in the state court. *See* State Court Docket Sheet, attached hereto as **Exhibit B**; *see also* State Court Documents, attached hereto as **Exhibit C**.[2]

### Timeliness of Removal

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days after CPS received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

---

[1] CPS has not answered the Plaintiff's Complaint that was served in state court but intends to do so in accordance with Rule 81(c)(2)(c), Fed.R.Civ.P.

[2] A legible copy of the Complaint, the state court docket, copies of all other state court documents, and the Civil Cover Sheet (JS-44) are attached as described in the United States District Court, Middle District of Florida's publication *New Civil Case Opening a Guide for Attorneys*. *See e.g.* United State District Court Middle District of Florida New Civil Case Opening Guide for Attorneys, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-new-civil-caseopening-a-guide-for-attorneys_0.pdf. The Civil Cover Sheet (JS-44) is attached hereto as **Exhibit D**.

**Removal Jurisdiction**

5.     This action is properly removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.     Specifically, Plaintiff claims that "between June 5, 2025 and June 13, 2025," CPS "placed more than one prerecorded voice call to" Plaintiff's "cellular telephone number," and that "[a]t no point in time did Plaintiff provide [CPS] with their [sic] consent," (*see* Complaint, ¶ 10–15), allegedly in violation of the TCPA.

7.     Hence, this is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to Section 1331, and removal is appropriate under Sections 1441 and 1446.

8.     Removal to this Court is proper as the United States District Court for the Middle District of Florida embraces the Ninth Judicial Circuit Court, Orange County, Florida, where the state court action was filed.

**Notice to State Court**

9.     Pursuant to 28 U.S.C. § 1446(d), CPS is promptly providing written notice of the removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court for Orange County, Florida.

WHEREFORE, Defendant Consumer Portfolio Services, Inc.—without waiving and expressly reserving its right to arbitration—respectfully requests that this

action be removed from the Ninth Judicial Circuit Court, Orange County, Florida, to this Court.

*Respectfully submitted*,

CONSUMER PORTFOLIO
SERVICES, INC.

By: */s/ Bryan A. Yasinsac, Esq.*

Bryan A. Yasinsac, Esq.
BURGER, MEYER & D'ANGELO, LLP
200 South Orange Avenue, Suite 2170
Orlando, FL 32801
Telephone: (321) 329-6350
Email: byasinsac@burgermeyer.com

Jeffrey D. Pilgrim (*pro hac vice* forthcoming)
Daniel M. Chin (*pro hac vice* forthcoming)
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Ph. (312) 939-0923
jpilgrim@pilgrimchristakis.com
dchin@pilgrimchristakis.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2026, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court by using the CM/ECF system and sent the same via electronic mail to the following party:

Mitchell D. Hansen
The Law Wilton Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
E-mail: mitchell@jibraellaw.com
*Attorneys for Plaintiff*

*/s/ Bryan A. Yasinsac, Esq.*

5